# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID HUFTON and ROBIN HUFTON § | | PLAINTIFFS |
| § | | |
| V. § | | CAUSE NO. 1:09cv318-LG-RHW |
| § | | |
| UNITED SERVICES AUTOMOBILE § | | |
| ASSOCIATION, and USAA INSURANCE § | | |
| AGENCY, INC. § | | DEFENDANTS |

## ORDER GRANTING MOTION TO REMAND

BEFORE THE COURT is David and Robin Hufton's Motion to Remand [6]. The issue before the Court is whether Defendant United Services Automobile Association (USAA) has been improperly joined. The Court has considered the parties' submissions and the relevant legal authority. The motion to remand is granted.

## FACTS AND PROCEDURAL HISTORY

Only July 1, 2008, the Huftons filed this action, in the Circuit Court of Jackson County, Mississippi, for Hurricane Katrina damage to their home. The Complaint was originally filed against USAA, Mississippi Windstorm Underwriting Association, and Audubon Indemnity Company. The Huftons alleged USAA failed to procure flood insurance and MWUA and Audubon owed payments for windstorm coverage. Although the Huftons were residents of Mississippi at the time of the hurricane, they were Virginia residents by the time the case was filed. USAA shares residency with the Huftons, because USAA is an unincorporated entity that has members in all fifty states. The Huftons agreed to dismiss Audubon on October 17. On March 5, 2009, the Huftons filed a First Amended Complaint against USAA, MWUA, and USAA Insurance Agency, Inc. (Insurance Agency). Insurance Agency is a Texas corporation,

with a principal place of business in Texas.

According to the First Amended Complaint, USAA is liable for the negligent or willful failure to procure flood insurance on the Huftons' home and otherwise causing the policy to go unpaid, which resulted in uncovered flood losses. The Huftons allege that they were living in North Carolina but were moving to a newly purchased home in Ocean Springs, Mississippi. On July 9, 2005, the Huftons requested that USAA procure flood coverage for their new home in Mississippi. USAA's agent Phillip Carr agreed and represented that the flood premium would be paid during the closing. The premium was not paid, but the Huftons believed it was. Additionally, the complaint alleges that the Huftons notified USAA on July 15, and again on the 17, that they "were moving to Ocean Springs, and advised USAA to change the mailing address on all of their USAA accounts to [the Ocean Springs address] effective immediately. On July 26, 2005, USAA sent Plaintiffs a confirmation of their change of mailing address." (1st Am. Compl. at 3 (¶9)). Nevertheless, Carr sent subsequent letters on August 9 and 24, to the Huftons' old North Carolina address, advising them that the premium had not been paid. The Huftons received neither notice. Hurricane Katrina rendered their home "a total loss," partially due to flood damage. *Id.* at 4 (¶14). Not until USAA denied the Huftons' flood claim, post-Katrina, did the Huftons learn the flood insurance was never procured. The First Amended Complaint charges both USAA and Insurance Agency with the conduct that resulted failure to procured flood insurance on behalf of the Huftons. The Huftons also allege USAA is vicariously liable as Carr and Insurance Agency's actual or apparent principal. Attached to the First Amended Complaint are the July 26, August 9, and 24 letters. All of these letters are on USAA letterhead, with the same return address.

The Huftons settled with MWUA on April 23. On May 22, Defendants removed the action to this Court, alleging that USAA was improperly joined.

**DISCUSSION**

Defendants bear the burden of establishing jurisdiction. *Rivet v. Regions Bank*, 108 F.3d 576, 582 (5th Cir. 1997). Doubts about whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Moreover, Defendants have a "heavy burden" to establish improper joinder. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 576 (5th Cir. 2004). Improper joinder may be shown if there is no reasonable possibility of recovery against the non-diverse defendant. *Id.* at 573. "A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)." *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. All disputed issues of fact and any ambiguities of state law must be resolved in the Huftons' favor. *Id.*

<u>FAILURE TO PROCURE</u>

Defendants do not dispute that the First Amended Complaint states a claim against USAA for the failure to procure flood coverage. Instead, the Defendants ask the Court to consider summary judgment evidence that USAA was not asked to procure, nor responsible for procuring, the flood insurance. Further, Defendants argue that courts have rejected apparent authority liability. The Huftons maintain that USAA was involved either directly or as the actual or apparent principal.

The First Amended Complaint alleges that USAA was responsible for procuring the flood

insurance. The Huftons contacted USAA in order to procure flood insurance, and Defendants do not dispute this. As a result, USAA put them in touch with Carr, and Defendants do not dispute this. What the parties dispute is whether Carr is USAA's actual or apparent agent. The Huftons plead and point to evidence that he is. Further, the First Amended Complaint's exhibits support these allegations. The correspondence is all on USAA letterhead with the same Texas address and the same "USAA" policy number. (1st Am. Compl. Ex. A). It is undisputed that the first letter came from USAA. The First Amended Complaint and the attached exhibits indicate that USAA held Carr out to be USAA's agent, and the Huftons reasonably believed he was.

Defendants nevertheless argue that there is evidence that (1) neither Carr nor Insurance Agency were USAA's agents and (2) the Huftons did not believe Carr or Insurance Agency were USAA's agents. Under Mississippi law, agency is a question of fact for the jury. *Fonte v. Audubon Ins. Co.*, 8 So. 3d 161, 166 (¶10) (Miss. 2009). Agency can be established through either actual or apparent authority. *Barnes, Broom, Dallas, & McLeod, PLLC v. Estate of Cappaert*, 991 So. 2d 1209, 1211-12 (¶9) (Miss. 2008). As the Mississippi Supreme Court held:

> "Apparent authority exists when a reasonably prudent person, having knowledge of the nature and the usages of the business involved, would be justified in supposing, based on the character of the duties entrusted to the agent, that the agent has the power he is assumed to have." The three situations in which an agent has apparent authority to bind a principal are "(1) acts or conduct by the principal indicating the agent's authority; (2) reasonable reliance by a third party upon those acts or conduct; and (3) detrimental change in position by the third party as a result of such reliance."

*Id.* at 1212 (¶10) (quoting *Eaton v. Porter*, 645 So. 2d 1323, 1325 (Miss. 1994)). Assuming that Defendants' evidence is probative on the lack of an agency relationship, the most this evidence would do is create a dispute of fact. All ambiguities of fact are resolved in favor of remand.

Defendants next point to two cases they contend reject apparent authority liability. *Keszenheimer v. United Servs. Auto. Ass'n*, 78 Fed. Appx. 333 (5th Cir. 2003); *Schewe v. USAA Cas. Ins. Co.*, 2007 U.S. Dist. LEXIS 54668, *11 (E.D. La. July 27, 2007) (applying Louisiana law). Neither case addresses apparent authority. On the contrary, *Keszenheimer* addressed whether there was evidence that USAA and USAA Life Insurance Company were "inextricably intertwined" enough to pierce the corporate veil and whether USAA was a party to the insurance policy. *Keszenheimer*, 78 Fed. Appx. at 334. *Schewe* likewise addressed law on piercing the corporate veil and noted that USAA was not a party to that policy either. *Schewe*, 2007 U.S. Dist. LEXIS 54668 at *13. In fact, the *Schewe* court held plaintiff was unable to maintain his claim against USAA "either directly, or indirectly through a theory of corporate veil piercing." *Id.* at *13-14. Here, there is no insurance policy, and piercing the corporate veil is not an issue in this case. The issues in this case include whether USAA directly, or through an actual or apparent agent, failed to procure flood insurance.

Therefore, the Court finds that there is a reasonable possibility of recovery against USAA under Mississippi law. USAA has not been improperly joined, and the Court has no subject matter jurisdiction over the instant case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs David and Robin Hufton's [6] Motion to Remand is **GRANTED**. The above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28

U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 19th day of November, 2009.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE